**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Derrick Allen McIlwain, Appellant.

Appellate Case No. 2022-001425

———————————

Appeal From Lancaster County
Kristi F. Curtis, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-381
Submitted November 1, 2025 – Filed November 26, 2025

———————————

**AFFIRMED**

———————————

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Senior Assistant Attorney General J. Anthony Mabry, all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

———————————

**PER CURIAM:**  Derrick Allen McIlwain appeals his conviction for murder and sentence of life without parole.  On appeal, McIlwain argues the trial court erred by admitting State's Exhibits 10, 12-14, 16-19, 32-37, 39-40, and 42-46—crime scene and morgue photographs—because they had no probative value and were unfairly prejudicial.  We affirm pursuant to Rule 220(b), SCACR.

We hold McIlwain's argument that the trial court erred when it admitted State's Exhibits 32-37, 39-40, and 42-46 is not preserved for appellate review.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("[F]or an issue to be preserved for appellate review, it must have been raised to *and ruled upon* by the trial [court]." (emphasis added)).

We also hold the trial court did not err by admitting State's Exhibits 10, 12-14, and 16-19 because their probative value was not substantially outweighed by the danger of unfair prejudice.  *See State v. Martucci*, 380 S.C. 232, 249, 669 S.E.2d 598, 607 (Ct. App. 2008) ("The relevance, materiality, and admissibility of photographs are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or needless presentation of cumulative evidence.").  The State used these crime scene photographs to show the jurors the extensive bruising on Victim's neck and to establish Victim died from strangulation and not from a drug overdose.  *See State v. Gleaton*, 444 S.C. 394, 418, 906 S.E.2d 630, 642-43 (Ct. App. 2024) (finding the photographs "had significant probative value" because they "visually demonstrated the causes of [the v]ictim's death in a way testimony alone could not"); *State v. Jones*, 440 S.C. 214, 259, 891 S.E.2d 347, 371 (2023) ("Photographs are relevant if they 'depict the bodies of the murder victims in substantially the same condition in which the defendant left them.'" (quoting *State v. Kornahrens*, 290 S.C. 281, 289, 350 S.E.2d 180, 185 (1986))); *State v. Benton*, 443 S.C. 1, 9, 901 S.E.2d 701, 705 (2024) (explaining the photographs were relevant because they "depicted the crime scene" and possessed "probative force from their unique power to make Benton's accomplices' testimon[ies] more believable" by "g[iving] important context to the testimony and other evidence about who did what at the scene").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.